*D. H. Solomon*, for appellee.

— • ● • —

## MILBOURN *v.* FOUTS.

A special appearance authorized on jurisdictional questions without conferring jurisdiction, by such appearance.

In commencing an action before a justice of the peace, by notice, such notice should contain all that is required by §§ 2272, 2273, 2274 of the Code.

*Appeal from Van Buren District Court.*

*Opinion by* HALL, J. Fouts commenced a suit by petition and attachment before a justice of the peace, against Milbourn. At the end of the writ of attachment, is added " and also to summon said Nathan Milbourn, if to be found, to appear before me, a justice of the peace, of the township of Village in said county, at my office, on the 20th day of May, A. D. 1854, at ten o'clock A. M., of said day, to answer to William L. Fouts, plaintiff &c."

The writ of attachment was returned by the proper officer ; that the " writ was served on defendant Milbourn, by reading it to him; no copy of petition, or notice demanded." On the day fixed for the trial, the defendant, by his attorney, made a *special* appearance and moved to dismiss the suit, because the notice was insufficient and perhaps to take some exception to the attachment bond. The motion was overruled and the defendant withdrew and

refused to appear any further. The justice entered a default against the defendant, and assessed the damages at ninety-eight dollars and fifty cents, and costs. The defendant Milbourn, sued out a writ of error from the district court, where the judgment of the justice was affirmed.

There are several other points made, other than the one presented in this opinion, but as this one decides the whole case, we omit to consider them. We have decided in the case of *Hodges* v. *Brett*, [a.] that special appearance can rightfully be made before a justice of the peace, upon jurisdictional questions without conferring jurisdiction. This was all that was done in this case by the defendant, Milbourn. The question of notice is the only open question for consideration.

Section 2272, of the Code, provides that the notice must state the cause of action in general terms sufficient to apprise the defendant of the nature or the claim against him.

Section 2273, provides that the "notice must be addressed to the defendant by name.

Section 2274, provides that the "notice must state the amount for which the plaintiff will take judgment, if the defendant fail to appear and answer at the time, and place, therein mentioned.

The notice, served on Milbourn, does not contain a single requirement made essential by these provisions of the Code, The justice never acquired any jurisdiction over the person of the defendant below, and the judgment was *coram non judice*, and void. The judgment and proceeding will therefore be set aside.

Judgment reversed.

*C. C. Nourse*, for appellant.